IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


NORMAN H. MAY                                                    PETITIONER

v.                              Case No. 6:16-cv-6003-PKH-BAB

WENDY KELLEY, Director,                                          RESPONDENT
Arkansas Department of Correction


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, NORMAN H. MAY (hereinafter "Petitioner"), an inmate confined in the Ouachita

River Correctional Unit of the Arkansas Department of Correction, filed this Petition for Writ of

*Habeas Corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent Director of the Arkansas

Department of Corrections has filed her Response.  ECF No. 14.  The Petition was referred for

findings of fact, conclusions of law and recommendations for the disposition of the case.

### A.  Procedural Background[1]:

Petitioner acknowledges he was convicted of a felony crime in the state of Georgia in 1994

which required him to register as a sex offender in that state.[2]  ECF No. 18 p. 1.  He served a term

of 10 years imprisonment for this crime and thereafter served a term of 10 years post-incarceration

probation.  ECF No. 19, p. 3.  He admits he registered as a sex offender in Georgia for a period of

approximately 11 years prior to traveling to Arkansas.  ECF No. 18, p. 1.   Sometime in late

December 2014, Petitioner traveled to Pocahontas Arkansas.  ECF No. 14, p. 1-2.  Once in

_____

[1]The procedural background is taken from the Petition, Response to Petition, and the Court's
Docket.

[2]Petitioner notes he unsuccessfully challenged the application of Georgia's sex offender
registration law, as an *ex post facto* statute,  in the Federal Courts of Atlanta, Georgia, prior to traveling
to Arkansas in 2014.

Pocahontas he was approached by local law enforcement and identified as a person who was a registered sex offender from Georgia.  There is a dispute between the parties as to whether local law enforcement asked Petitioner to leave the state of Arkansas.

On December 26, 2014, Petitioner was arrested by state law enforcement officers and charged with violation of ARK. CODE ANN. § 12-12-904(a)(1)(A)(i-ii), failure to register as a convicted sex offender.  ECF No. 19, p. 2.  He was formally charged in the Circuit Court of Randolph County, Arkansas, on January 14, 2015 with this crime.  ECF No. 14, p. 2.  On June 25, 2015, Petitioner entered into a written plea agreement, wherein he pled guilty to the offense charged.  ECF No. 1. He was sentenced to 36 months imprisonment in the Arkansas Department of Correction.

Petitioner did not appeal this conviction or sentence.  Further, he did not file any post-conviction motion as provided for by ARK. R. CRIM. P. 37.  Petitioner did file a claim against the state court judge presiding over his case with the Arkansas Judicial Discipline and Disability Commission, alleging the presiding state judge, Randolph County Circuit Judge Harold Erwin,  was unfair and he could not receive "any justice in Randolph County."  ECF No. 1 p. 5.  According to Petitioner, the Commission has not taken any action.  ECF No. 18, p. 3.

**B.  Current Petition**:

On January 11, 2016, the instant Petition was filed in this Court.  ECF No. 1.   Petitioner makes one claim in this Petition, namely, the Arkansas sex offender registration statute, ARK. CODE ANN. § 12-12-904, as applied to him, violates the *Ex Post Facto* Clause of the United States Constitution.  He claims § 12-12-904 is retroactive and punitive in nature.  Further, because his conviction in Georgia predates the enactment of that statute, any application to him violates the *Ex Post Facto* Clause.  In addition to his original Petition, Petitioner filed several other pleadings

detailing his arguments in this regard.  ECF Nos. 4, 6, 13, 15, 18 and 19.  In one of these later pleadings, he claims he was entrapped by local law enforcement.  He makes no specific factual allegation regarding how he was entrapped by local law enforcement other than alleging they failed to tell him to register as a sex offender. I have considered all of these pleadings as part of his claim for relief in this matter.

The Respondent asserts (1) Petitioner has procedurally defaulted any claim in this Court by wholly failing to present his claims to the Arkansas state courts, and (2) his claim fails on its merits as § 12-12-904 does not violate the *Ex Post Facto* Clause.  This matter is now ready for decision.

## C.  Discussion:

**1.  Procedural Bar**: Respondent raises the defense of procedural bar to this Petition.  "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a *habeas* petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This rule applies even in the case of discretionary review by the highest state court.  *See id.*  Further, § 2254 (b)(1) itself provides the following:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This rule requires state prisoners to give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the state's established appellate review process. *See O'Sullivan*, 526 U.S. at 845.

In this case Petitioner entered a plea of guilty to a charge of failing to register as a sex offender on June 25, 2015. He was advised by the state judge that his guilty plea waived his right to a direct appeal. He did not file an appeal of his conviction. He filed no post-conviction pleading whatsoever.

As Respondent points out, Petitioner waived his right to a direct appeal under Arkansas law by entering a plea of guilty. *See* ARK. R. APP. P. 1(a). However, Arkansas law does allow a conditional guilty plea reserving, in writing, a defendant's right to appeal a particular issue. *See* ARK. R. CRIM. P. 24.3(b). This rule specifically allows for a conditional plea:

> (iii) to review an adverse determination of a pretrial motion *challenging the constitutionality of the statute defining the offense* with which the defendant is charged.

ARK. R. CRIM. P. 24.3(b)(iii)(emphasis added). He did not enter into such conditional plea of guilty.

Likewise Petitioner could have filed a post conviction proceeding in Arkansas state court alleging the exact claim he has made here. Rule 37 of the Arkansas Rules of Criminal Procedure provides a criminal defendant may file a post-conviction petition on the ground "that *the sentence was imposed in violation of the Constitution and laws of the United States* or this state." ARK. R. CRIM. P. 37.1(a)(emphasis added) He did not file such post conviction pleading in state court.

Further, it is clear from the record before this Court the Petitioner was well aware of the claim he now presents here *prior* to his guilty plea. He alleges in his pleadings before this Court he told the officers who ultimately arrested him, prior to his arrest, that the sex offender registration

statute did not apply to him because "I was exempt from registering as my conviction date was April 26, 1994, over 3 years before Arkansas SORA came into being." ECF No. 19 p. 1. He also told a psychologist, prior to his plea of guilty, he was "exempt" from § 12-12-904 because his conviction predated the enactment of the Arkansas statute. ECF No. 14-2. Petitioner clearly had available state remedies and failed to preserve this claim by failing to raising the same before the Arkansas courts.

Likewise he cannot now claim his lawyer was ineffective in failing to preserve this constitutional challenge on his behalf. He has filed no state post-conviction motion alleging ineffective assistance of counsel (and doesn't raise it here). Arkansas law specifically provides a mechanism for raising issues of ineffective assistance of counsel. Rule 37 of the Arkansas Rules of Criminal Procedure also provides a criminal defendant may raise issues of ineffective assistance of counsel in a post-conviction petition. Specifically, the Rule states such post-conviction petition can be filed to allege the sentence imposed was "otherwise subject to collateral attack." ARK. R. CRIM. P. 37.1(a)(iv). Rule 37 has been held an effective remedy by the Arkansas courts to raise the issue of ineffective assistance of counsel for counsel failing to raise a possible defense. *See O'Connor v. State*, 367 Ark. 173, 176, 238 S.W.3d 104, 107 (2006) (A claim that might otherwise be a direct attack on the verdict may be cognizable in a Rule 37 proceeding to the extent it indicates ineffective assistance of counsel.); *see e.g. Mancia v. State*, 459 S.W.3d 259, 267 (Ark. 2015)(Arkansas state court defendant may raise in a Rule 37 petition a claim of ineffective assistance of counsel to show the guilty plea was not intelligently and voluntarily made.).

As noted above, Petitioner was aware of his claim that § 12-12-904 was an unconstitutional *Ex Post Facto* statute as applied to him before he was even arrested in the underlying state criminal

case.  He has alleged no impediment to his ability to either (1) enter a conditional plea or (2) file a post-conviction petition pursuant to ARK. R. CRIM. P. 37.1.  He has failed to exhaust his available state court remedies and is thus barred from proceeding here.  Pursuant to 28 U.S.C. § 2254 (b) the instant Petition should be dismissed.

    **2. ARK. CODE ANN. § 12-12-904**:  Assuming Petitioner has not procedurally defaulted, his petition should still be dismissed on the merits of his claim.  Petitioner claims the Arkansas sex offender registration statute violates the *Ex Post Facto* Clause of the United States Constitution.  Respondent asserts this claim fails on its merits even if Petitioner has exhausted all available state remedies.

    The Arkansas sex offender registration statute at issue, § 12-12-904, provides in part:

(a)(1)(A) A person is guilty of a Class C felony who:

    (i) Fails to register or verify registration as required under this subchapter;

    (ii) Fails to report a change of address, employment, education, or training as required under this subchapter;

Petitioner was aware of the requirements of § 12-12-904 prior to his arrest.  He states in his pleading to this Court:

> "The subject of me registering as a sex offender came up. [when Petitioner was approached by local law enforcement in December 2014 prior to his arrest]  I told them I thought I was exempt from registering since my conviction date was 2 years before the sex offender registration act came into being.  In my presence the officer called his office.  The officer there did not know the law."

ECF No. 6, p. 3.  He simply believed the statute did not apply to him.  This conversation occurred between the time Petitioner arrived in Pocahontas, Arkansas on December 21, 2014 and the date of his arrest on December 26, 2014.

-6-

In his various pleadings, Petitioner relies on *Smith v. Doe*, 538 U.S. 84 (2003) to support his claim that ARK. CODE ANN. § 12-12-904 violates the *Ex Post Facto* Clause. However, *Smith* does not support his claim.   *Smith* involved a challenge to the Alaska sex offender registration statute. The Supreme Court in *Smith* held the Alaska statute's "registration requirements make a valid regulatory program effective and do not impose punitive restraints in violation of the *Ex Post Facto* Clause." *Id.* at 102.  Respondent asserts *Smith* does not support Petitioner's claims here.

In determining whether a state law violates the *Ex Post Facto* Clause, the Court should consider the seven (7) factors set out in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–169 (1963).  *See Smith*, 538 U.S. at 97.  However, "because the *Mendoza–Martinez* factors are designed to apply in various constitutional contexts, we have said they are 'neither exhaustive nor dispositive.'" *Id*.  Of the seven (7) factors, the most relevant to the analysis here is whether, the statute in its necessary operation:

      a.  has been regarded as a punishment;

      b.  imposes an affirmative disability or restraint;

      c.  promotes the traditional aims of punishment;

      d.  has a rational connection to a non-punitive purpose; or

      e.  is excessive with respect to this purpose.

*See id.*

The Arkansas Supreme Court has analyzed ARK. CODE ANN. § 12-12-904 to determine if it violated the *Ex Post Facto* Clause.  *See Keller v. Fayetteville Police Dept.*, 5 S.W.3d 402 (Ark. 1999).  In analyzing the facts of most importance in the analysis of this statute, the Arkansas

Supreme Court found as follows.

a. Has the statute been regarded as a punishment: Section § 12-12-904 was enacted to ensure public notification of the action in the criminal justice system.  Such notification is not punishment.  The historical precedent for § 12-12-904 does not demonstrate an objective punitive purpose.  *See Keller*, 5 S.W.3d at 408.

b.  Does the statute impose an affirmative restraint or disability: Section 12-12-904's provisions impose no specific affirmative disability or restraint on an offender.  An offender is not prevented from coming and going.  The offender need only notify local law enforcement authorities no later than thirty days after establishing residency in Arkansas, and verify that address every six (6) months.  Section 12-12-904 does not impose any affirmative restraint or disablity.  *See Keller*, 5 S.W.3d at 407-08.

c. Does the statute promote the traditional aims of punishment: The Arkansas Court found that Section 12-12-904 did in fact promote deterrence of future crime, but held this factor alone did not render the statute punitive.  *See Keller*, 5 S.W.3d at 409.

d. Does the statute have a rational connection to a non-punitive purpose: Section 12-12-904 clearly has a non-punitive purpose, namely, protecting public safety and providing information to the public and law enforcement. *See Keller*, 5 S.W.3d at 409.

e. Is the statute excessive with respect to this non-punitive purpose: The Arkansas Court felt this factor carried the most weight.  It reviewed the three tiered structure of the statute's registration and notification rules and held that:

> These considerations, coupled with the limited disclosure provisions attendant upon the lower two risk-level assessments, strongly indicate that the sex-offender

-8-

registration statute is tailored to address specific governmental interests. Therefore, we conclude that the law is not excessive in relation to its stated non-punitive purposes.

*Kellar*, 5 S.W.3d at 410.  The Arkansas Supreme Court then held that § 12-12-904 did not violate the *Ex Post Facto* Clause of the United States Constitution.  *See id.*

While not binding on this Court, the Arkansas Supreme Court's analysis is persuasive. I adopt it here and find the Arkansas sex offender registration statute is a regulatory scheme with a rational governmental purpose not related to punishment of the offender.   Further, as applied to Petitioner, this statute does not violate the *Ex Post Facto* Clause.  His claim fails on its merits.

**D.  Conclusion**:

Petitioner failed to adequately exhaust his state court remedies.  He is procedurally barred from proceeding in this Court.  Further, Petitioner's claim Arkansas's sex offender registration statute violates the *Ex Post Facto* Clause fails on its merits.  The Petition filed herein should be denied and dismissed with prejudice.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.[3]   I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

   **DATED** this **25th day of October 2016.**

                                   /s/ Barry A. Bryant
                                   HON. BARRY A. BRYANT
                                   U.S. MAGISTRATE JUDGE